## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW BRENT GOETTSCHE, an individual,<br><br>Defendants. | Case No. |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, MINA DE ORO, LLC, THE TOY CHEST, LLC (hereinafter collectively referred to as "Plaintiffs") by and through their attorneys, KERR SIMPSON ATTORNEYS AT LAW, and complain and allege against Defendants MATTHEW BRENT GOETTSCHE, (hereinafter referred to as "Defendant") as follows:

## **NATURE OF ACTION**

1. Plaintiffs brings this action against Defendant to seek relief from their violations of Rule 10b-5 under the Securities Exchange Act of 1934, 15 U.S.C. § *78a, et seq*., codified at 17 C.F.R. § 240.10b-5 (the "Federal Claims"). Plaintiffs additionally asserts pendent claims arising out of the same operative facts as the Federal Claims for violation of CRS § 11-51-501, fraud, negligent misrepresentation, fraudulent inducement, breach of contract, and unjust enrichment (the "State Law Claims").

1

## PARTIES

2.  Plaintiffs are Nevada limited liability companies domiciled in Nevada and subject to Nevada law and jurisdiction.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction of this action pursuant to 28. U.S.C. § 1331 based upon the existence of a question arising under particular federal statutes and regulations, namely 15 U.S.C. § 78a, *et seq.*, and 17 C.F.R. § 240.10b-5. In addition, the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as the action is between parties of diverse citizenship and the amount is controversy exceeds $75,000.  Plaintiffs also invokes the supplemental jurisdiction of this Court to determine the State Law Claims raised herein pursuant to 28 U.S.C. § 1367.

4.  Venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in Denver County, State of Colorado.

5.  This Court has personal jurisdiction over Defendant, in Colorado because:

   a)  Plaintiff entities are Nevada entities and the solicitations to purchase fraudulent securities occurred in the State of Nevada to the managers and members of these entities at the direction of Defendant who is a resident of Denver County, State of Colorado.

   b)  Defendant, from Colorado, during a period from April 2014 through December 2019 engaged in a fraudulent scheme that solicited money from investors in exchange for purported cryptocurrency mining pools and rewarded investors for recruiting other new investors into the scheme.  In a recent press release from the US Attorneys

2

office in the District of New Jersey, the US attorney announced that Gordon Beckstead, a resident of Henderson, Nevada, had pleaded guilty to conspiracy to commit money laundering and aiding in the preparation of a false tax return. As part of the guilty plea Beckstead admitted conspiring with Defendant and others to launder funds earned by Defendant in Colorado through his operation of the Bitclub Network. Beckstead stated that at Defendant's direction, that Beckstead created and controlled various entities that were used by Defendant in Colorado and others to shield Defendant's association with the Bitclub Network and to disguise income derived from the Bitclub Network.

        c)      The fraudulent tax returns for the benefit of Defendant in Colorado were prepared by his CPA Beckstead and the conspiracy was directed by Defendant in the State of Colorado with Nevada individuals.

        d)      Beckstead the former CPA set up various entities wherein Defendant held assets in the State of Colorado purchased with the fraudulent funds obtained by operating the Bitclub Network scheme. Defendant directed Beckstead to set up the entities and directed the purchase of the assets with the fraudulent Bitclub Network funds, including real estate located in Nevada.

**FACTS COMMON TO ALL COUNTS**

6.      During the spring of 2018, Defendant engaged in direct and indirect solicitation of the Plaintiff entities to participate in a Bitcoin ("BTC") related multi-level BTC mining scheme ("the Bitclub Offering") by offering for sale positions in a multi-level matrix and shares of BTC mining business issued by Defendant. Defendant engaged in these private and public solicitations through a website (www.bitclub.com ("Bitclub") wherein

3

the Defendant created and maintained a website for the Bitclub Offering, and through independent business operators within the Bitclub scheme through the means or instrumentalities of interstate commerce, including email and the internet.

7. In connection with the Bitclub Offering, Defendant had and owed to Plaintiff entities a duty to disclose and provide truthful and honest facts and information concerning the Bitclub Offering.

8. In an effort to solicit the Plaintiff entities and to induce them into investing in the Bitclub Offering, Defendant, acting both individually and as the controlling member of the Bitclub Scheme made the following untrue statements of material fact to Plaintiffs (the "Bitclub Misrepresentation"):

(a) misleading figures regarding the amount of crypto currency mining operations in place;

(b) misleading figures regarding the amount of crypto currency being mined at Bitclub controlled mining operations;

(c) misleading figures and documentation regarding the amount of future profit to be derived from the Bitcoin mining operations;

(d) fraudulent statements from Defendant and Defendant's independent business operators within the multi-level marketing scheme regarding commissions to be paid for joining the Bitclub Scheme and recruiting others to join the Bitclub Scheme and invest in the Bitclub Offering;

(e) misleading statements regarding future operations and investments by the Bitclub management;

4

(f) untrue and misleading statements regarding access to funds invested in the Bitclub Offering through an internet-based website.

9. At the time the Bitclub Misrepresentations were made to Plaintiffs, Defendant also knew, or reasonably should have known, of the following materials facts that Defendant omitted to communicate to the Plaintiffs ("the Bitclub Omissions"):

(a) risk involved in crypto currency mining operations concerning costs of mining, reduced mining rewards because of competition and volatility of the BTC and crypto currency markets;

(b) illegality of the Bitclub Scheme as it relates to the multi-level marketing scheme;

(c) illegality of the Bitclub Offering and failure of Bitclub and Defendant to register the Bitclub Offering as a security with the Securities Exchange Commission, the State of Colorado Securities Division and the State of Nevada Securities Division;

(d) that proceeds from the Bitclub Offering and the multi-level Bitclub Scheme were being converted by Defendant for his personal use rather than the acquisition of promised crypto currency mining equipment.

10. In reasonable and justified reliance upon the Bitclub Misrepresentations and Bitclub Omissions made by Defendant, each of the Plaintiffs transmitted BTC or cash to Defendant to purchase a specified amount of the Bitclub Offering as follows:

a. Plaintiff, MINA DEL ORO, LLC, transmitted p250,000.00 USD to a Bitclub representative for purchase of the Bitclub Offering;

b. Plaintiff THE TOY CHEST, LLC, transmitted $250,000.00 USD to a

5

Bitclub representative for purchase of the Bitclub Offering.

11. In reasonable and justified reliance upon the Bitclub Misrepresentations and Bitclub Omissions, each of the Plaintiffs entered into a Bitclub Scheme investor contract as set forth in the Bitclub Scheme website ("Bitclub Contract").

12. Plaintiffs would not have purchased the Bitclub Offering or entered into the Investor Contracts if Plaintiffs had known that the Bitclub Misrepresentations were false or if Plaintiffs had been aware of the Bitclub Omissions.

13. Subsequent to their solicitation and sale of the Bitclub Offering to Plaintiffs, Defendant has materially breached and defaulted on his obligations to Plaintiffs under the parties' contracts by, among other actions:

(a) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the investor contracts;

(b) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in Bitclub as well as the finances, operations and legal status of Bitclub; and

(c) violating various state and federal laws in connection with the offer and sale of the Bitclub Offering to the Plaintiffs and other investors in Bitclub.

14. As a direct and proximate consequence of Defendant's unlawful conduct as described herein, the Plaintiffs have and will continue to incur substantial damages. The Plaintiff's damages from the loss of their investment due to Defendant's actions and inactions include the $250,000.00 USD investment of each of the Plaintiffs and the mined BTC and loss of investment returns given the value of BTC currently, excluding unpaid

dividends, interest, attorney's fees and costs of litigation.

15. Plaintiffs have made repeated demands upon Defendant to rescind the unlawful transactions at issue and to return the funds that Defendant fraudulently obtained from Plaintiffs. To date, Defendant has closed the Bitclub website and has neglected to return the Plaintiff's funds, persisting in their unlawful behaviors and omissions.

16. Plaintiffs have fulfilled or performed all conditions precedent to the filing of this action, and/or such conditions precedent have been waived by Defendant.

## COUNT I – VIOLATION OF 17 C.F.R. § 240.10B-5

17. Plaintiffs reallege and incorporate Paragraphs 1 through 16 as if fully set forth herein.

18. The Bitclub Offering offered for sale by Defendant and purchased by Plaintiffs constitute securities under the Securities Act of 1933.

19. Defendant made untrue statement of material facts to Plaintiffs concerning the Bitclub Offering, including, but not limited to, the Bitclub Misrepresentations, in connection with the sale of the Bitclub Offering.

20. Defendant was aware of and omitted to communicate certain material facts concerning the Bitclub Offering to Plaintiffs, including, but not limited to, the Bitclub omissions, in connection with the sale of the Bitclub Offering.

21. The Bitclub Misrepresentations and Bitclub Omissions made by Defendant constitute acts, practices, or a course of business that operated as a fraud and deceit upon Plaintiffs.

22. Defendant used means of instrumentalities of interstate commerce,

including the mail, email and the internet, in connection with the Bitclub Misrepresentations and Bitclub Omissions, and to directly or indirectly employ a device, scheme, or artifice to convince Plaintiffs to purchase the Bitclub Offering.

23. Defendant obtained BTC, money and/or other property from Plaintiffs as a result of the Bitclub Misrepresentations and Bitclub Omissions.

24. The Bitclub Misrepresentations and Bitclub Omissions of Defendant constituted securities fraud in violation of 17 C.F.R. § 240.10b-5.

25. Plaintiffs have suffered damages as a direct and proximate cause of Defendant's violation of 17 C.F.R. § 240.10b-5.

## COUNT II – VIOLATION COLORADO SECURITIES LAW
## CRS § 11-51-501

26. Plaintiffs reallege and incorporate Paragraphs 1 through 25 as if fully set forth herein.

27. This is a claim by Plaintiff entities against Defendant for violation of CRS § 11-51-501 and all other applicable securities statutes under CRS Article 51.

28. The Bitclub Offering and the Bitclub multi-level marketing positions purchased by Plaintiffs from Defendant constitutes an "Fraudulent conduct" under CRS Article 51.

29. In connection with the Bitclub Offering to Plaintiffs, Defendant made the following misrepresentations and omission of fact:

    (a) misleading figures regarding the amount of crypto currency mining operations in place;

(b) misleading figures regarding the amount of crypto currency being mined at Bitclub controlled mining operations;

(c) misleading figures and documentation regarding the amount of future profit to be derived from the Bitcoin mining operations;

(d) fraudulent statements from Defendant and Defendant's independent business operators within the multi-level marketing scheme regarding commissions to be paid for joining the Bitclub Scheme and recruiting others to join the Bitclub Scheme and invest in the Bitclub Offering;

(e) misleading statements regarding future operations and investments by the Bitclub management;

(f) failing and refusing to pay dividends, bonuses and other compensation due to the Plaintiffs as required by the investor contracts;

(g) repeatedly misrepresenting and concealing the true nature and status of the Plaintiff's investments in Bitclub as well as the finances, operations and legal status of Bitclub; and

(h) violating various state and federal laws in connection with the offer and sale of the Bitclub Offering to the Plaintiffs and other investors in Bitclub.

30. Defendant made the Bitclub Misrepresentations and Bitclub Omissions to Plaintiffs with reckless disregard for the truth of their communications.

31. Defendant knew or reasonably should have known that Plaintiffs would justifiably and reasonably rely on the Bitclub Misrepresentations and Bitclub Omissions.

32. Plaintiffs justifiably and reasonably relied on the Bitclub Misrepresentations

and the Bitclub Omissions in connection with his purchase of Bitclub Offering.

33. Defendant violated CRS § 11-51-501 by causing Plaintiffs to invest in the Bitclub Offering in reliance upon the Bitclub Misrepresentations and Bitclub Omissions.

34. Plaintiffs have suffered damages as a direct and proximate cause of Defendant's violations of CRS § 11-51-501 and other securities laws set forth in CRS Article 51.

## COUNT III – COMMON LAW FRAUD

35. Plaintiffs reallege and incorporate Paragraphs 1 through 34 as if fully set forth herein.

36. In connection with the Bitclub Offering, Defendants misrepresented and omitted to communicate material facts concerning the Bitclub Offering to Plaintiffs, including, but not limited to, the Bitclub Misrepresentations and Bitclub Omissions.

37. Defendant knew he was omitting material facts concerning the Bitclub Offering in order to induce Plaintiffs to invest in and purchase the Bitclub Offering.

38. Plaintiffs reasonably and justifiably relied upon the Bitclub Misrepresentations and Bitclub Omissions by investing in and purchasing the Bitclub Offering.

39. Plaintiffs were induced into purchasing the Bitclub Offering as a result of the Bitclub Misrepresentations and Bitclub Omissions, and Plaintiffs would not have purchased the Bitclub Offering had Defendant not made the Bitclub Misrepresentation and Bitclub Omissions.

40. Plaintiffs have suffered damages as a direct and proximate cause of

Defendant's fraud.

## COUNT IV – FRAUDULENT INDUCEMENT

41. Plaintiffs reallege and incorporate Paragraphs 1 through 40 as if fully set forth herein.

42. In connection with the Bitclub Offering, Defendant misrepresented and omitted to communicate material facts concerning the Bitclub Offering, and Bitclub Contract to Plaintiffs, including, but not limited to the Bitclub Misrepresentations and Bitclub Omissions.

43. Defendant knew that the Bitclub Misrepresentations were false at time such misrepresentations were communicated to Plaintiffs.

44. Defendant knew that they were omitting material facts concerning the Bitclub Offering when making the Bitclub Omissions during communications with Plaintiffs.

45. Defendant intended for the Plaintiffs to rely upon the Bitclub Misrepresentations and Bitclub Omissions in order to induce Plaintiffs to invest in and purchase the Bitclub Offering and to enter into the Bitclub Contract.

46. Plaintiffs reasonably and justifiably relied upon the Bitclub Misrepresentations and Bitclub Omissions by purchasing the Bitclub Offering and entering into the Bitclub Contract.

47. Plaintiffs were induced into purchasing the Bitclub Offering and entering into the Bitclub Contract as a result of the Bitclub Misrepresentations and Bitclub Omissions. Plaintiffs would not have purchased the Bitclub Offering or entered into the Bitclub

Contract had Defendant not made the Bitclub Misrepresentations and Bitclub Omissions.

48. Plaintiffs have suffered damages as a direct and proximate cause of Defendant's fraud.

## COUNT V – BREACH OF CONTRACT

49. Plaintiffs reallege and incorporate Paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiffs each entered into a Bitclub Contract in connection with their investment in and purchase of the Bitclub Offering.

51. Defendant has breached the Bitclub Contract by, among other things, failing and refusing to pay dividends, bonuses, commissions and other compensation due to the Plaintiffs as required by the Bitclub Contract.

52. Plaintiffs have suffered damages as a direct and proximate cause of Defendant's breach of violation of the parties' contracts.

## COUNT VI – UNJUST ENRICHMENT

53. Plaintiffs reallege and incorporate Paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiffs conferred benefits on Defendant by investing in and purchasing the Bitclub Offering.

55. Defendant has failed to compensate Plaintiffs for their investment in the purchase of the Bitclub Offering.

56. Defendant was and is aware that Plaintiffs expected to be compensated for the benefits conferred upon Defendant by Plaintiffs.

57. Defendant has retained the benefits conferred by Plaintiffs notwithstanding Defendant's Bitclub Misrepresentations and Bitclub Omissions, and Defendant's failure to honor the terms of the parties' contracts.

58. It is inequitable for Defendant to continue to retain the benefits conferred by Plaintiffs in connection with the Bitclub Offering, and Bitclub Contract, without compensating Plaintiffs.

59. Defendant has been unjustly enriched by Plaintiffs to Plaintiffs' detriment.

## COUNT VII – CONVERSION

60. Plaintiffs reallege and incorporate Paragraphs 1 through 59 as if fully set forth herein.

61. Plaintiffs are the rightful owners of the monies they invested in the Bitclub Offering.

62. Defendant converted the monies that were the property of the Plaintiffs by exercising dominion and control over the property by using the money and failing to return it.

63. Defendant's exercise of dominion or control over Plaintiff's personal property is unauthorized.

64. Plaintiff has demanded that Defendant return the personal property to Plaintiff.

65. Defendant has failed and refused to return the personal property to Plaintiff.

66. As a result of this failure, Plaintiffs have and will continue to suffer losses and damages.

67. Accordingly, Plaintiff is entitled to damages for this wrongful conversion.

## COUNT VIII – CIVIL THEFT

68. Plaintiffs reallege and incorporate Paragraphs 1 through 67 as if fully set forth herein.

69. Plaintiffs owned or had an ownership interest in the monies they invested in the Bitclub Offering.

70. Defendant knowingly, without authorization, and by deception obtained, retained, and exercised control over the Plaintiffs' monies.

71. Defendant did so with the intent to permanently deprive the plaintiff of the use or benefit of Plaintiff's monies.

72. Plaintiff has demanded that Defendant return the personal property to Plaintiff.

73. Defendant has failed and refused to return the personal property to Plaintiff.

74. As a result of this failure, Plaintiff has and will continue to suffer losses and damages.

75. Accordingly, Plaintiff is entitled to damages for this wrongful conversion.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment against Defendant for treble damages, compensatory damages, incidental and consequential damages, pre- and post-judgment interest, attorney's fees and costs of litigation, and any other relief that the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury on all issues and claims so triable.

DATED December 1, 2023.

        THOMAS P. HOWARD, LLC

        <u>/s/ Scott E. Brenner</u>
        Scott E. Brenner
        Thomas P. Howard, LLC
        842 W. South Boulder Rd., Suite 100
        Louisville, CO 80027
        303-665-9845
        sbrenner@thowardlaw.com
        Local Attorneys for Plaintiffs


        KERR SIMPSON ATTORNEYS AT LAW

        P. STERLING KERR, ESQ.
        Nevada Bar No. 003978
        TAYLOR SIMPSON, ESQ.
        Nevada Bar No. 13956
        2900 W. Horizon Ridge Parkway, Suite 200
        Henderson, Nevada 89052
        Telephone No. (702) 451-2055
        Facsimile No. (702) 451-2077
        Email: sterling@kerrsimpsonlaw.com
        Email: taylor@kerrsimpsonlaw.com
        Nevada Attorneys for Plaintiffs