IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-03174-GPG

MINA DE ORO, LLC, a Nevada limited liability company; THE TOY CHEST, LLC

a Nevada limited liability company,

    Plaintiffs,

v.

MATTHEW BRENT GOETTSCHE, an individual,

    Defendant.

_____

**MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**
_____

Matthew Goettsche, by and through counsel Kristen M. Frost and Patrick L. Ridley of Ridley McGreevy & Winocur, respectfully request this Court to dismiss the Complaint (ECF No. 1) for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## INTRODUCTION

The Complaint in this case is a nearly verbatim repeat of a previous complaint that was filed by these same plaintiffs against Mr. Goettsche in the District of Nevada on June 3, 2020. After being given an opportunity to amend, their amended complaint was dismissed as to Mr. Goettsche for lack of personal jurisdiction on October 17, 2022. After default judgments were issued against the other named defendants, the Nevada case was administratively closed on April 10, 2023.

Given that these same plaintiffs previously filed the same dispute in June 2020, they necessarily knew of their claims more than three years before filing this action on December 1, 2023.  As a result, every one of their claims is now conclusively time barred and should be dismissed on that basis alone.

Aside from clearly falling outside of the relevant limitations periods, the claims should be dismissed for additional reasons as well:

The fraud-based claims (Counts I-IV) are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b) and applicable securities laws.  The Complaint does not identify a single specific statement that plaintiffs allege was fraudulent, nor any basis for their belief that Mr. Goettsche (as opposed to someone else) made such a statement.  Instead, the factual allegations relating to fraud are confined to two paragraphs listing unspecified categories of "misleading figures," "documentation," and "statements." (ECF No. 1 at ¶¶ 8-9.) These kinds of vague and overbroad labels do not satisfy Rule 9(b).

The unjust enrichment claim (Count VI) is barred because plaintiffs simultaneously assert a contract claim (Count V) covering the same subject matter. Both claims assert a right to "compensation" allegedly owed under the "Bitclub Contract in connection with their investment in and purchase of the Bitclub Offering."  (ECF No. 1 at ¶ 50; *see also id*. at ¶¶ 51, 55, 56, 58.).  Colorado law is clear that plaintiffs may not pursue an implied-contract theory of recovery while simultaneously alleging that a valid contract controls. Likewise, the conversion claim (Count VII) is barred by Colorado's economic loss doctrine because it is predicated on the same alleged contract breach.

The contract claim (Count V) should be dismissed because plaintiffs do not plausibly allege they had a contract with Mr. Goettsche. The alleged contract is, by its own terms, with Bitclub Network, Inc. There are no allegations that would allow the Court to pierce this corporate veil and attribute the contract instead to Mr. Goettsche.

Given the clear untimeliness of this lawsuit and other fatal flaws, Mr. Goettsche respectfully requests that the Complaint be dismissed with prejudice.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs previously filed a substantially identical lawsuit in the District of Nevada on June 3, 2020. *See Mina de Oro, LLC et al. v. Matthew Brent Goettsche, et al.*, Case No. 2:20-cv-994-CDS-VCF (D. Nev.) (the "Nevada Case"). (Movant's Appx., at 01-12 - Complaint). Like the Complaint in this case, the complaint in the Nevada Case asserted claims for federal law securities fraud, state law securities fraud, common law fraud, fraudulent inducement, breach of contract, and unjust enrichment. *Id.* The complaint named Mr. Goettsche and four other defendants, asserting all claims against all defendants without differentiation. *Id.*

The court granted Mr. Goettsche's first motion to dismiss for lack of personal jurisdiction, *id.* at 13-20 - Order Granting Motion to Dismiss, and plaintiffs filed an amended complaint asserting the same claims against the same defendants on April 18, 2022. *Id.* at 21-34 - First Amended Complaint. The Court granted Mr. Goettsche's second motion to dismiss on October 17, 2022, again finding that the court lacked personal jurisdiction over Mr. Goettsche. *Id.* at 35-45 - Order Granting Motion to Dismiss.

On March 8, 2023, the court dismissed two of the named defendants because plaintiffs failed to complete service.  *Id.* at 53 - Order Dismissing Two Defendants for Failure to Serve.  The court granted default judgments against the remaining two defendants, Joe Abel and Joby Weeks, on January 26 and April 10, 2023, respectively.  *Id.* at 52 and 65 - Default Judgments for Abel and Weeks.  The Nevada Case was then administratively closed on April 10, 2023.  *Id.* at 65 - Order Granting Motion for Default Judgement and Closing Case.

Plaintiffs filed their Complaint against Mr. Goettsche in this case on December 3, 2023.[1]  (ECF No. 1).  The factual allegations underlying plaintiffs' fraud-based claims (Counts I-IV) are contained, in their entirety, in paragraphs 8 and 9 of the Complaint.  Plaintiffs included these exact same allegations in their complaint in the Nevada Case, attributing them generally to "All Defendants." (*Compare* ECF No. 1 at ¶¶ 8-9 *with* Movant's Appx. at 24-25 - First Amended Complaint.)  Plaintiffs later submitted declarations in the Nevada Case in support of their motions for default judgment attributing these categories of statements to defendants "Abel" and "Weeks."  *See id.* Movant's Appx. at 46-48 (Abel), 49-51 (Abel), 55-57 (Weeks), and 59-61 (Weeks).

---

[1] The Complaint alleges federal diversity jurisdiction and federal question jurisdiction (ECF No. 1 at ¶ 3.)  Mr. Goettsche currently has no basis to evaluate plaintiffs' assertion of diversity jurisdiction because they have not alleged the identity and citizenship of each of their respective members nor filed the disclosure statement required by Civil Rule of Civil Procedure 7.1(a)(2).  *See, e.g.*, Fed. R. Civ. P. 7.1, Committee Notes on Rules—2022 Amendment ("The disclosure . . . is designed to facilitate an early and accurate determination of jurisdiction . . . A familiar example is a limited liability company, which takes on the citizenship of each of its owners.").

4

## ARGUMENT

### A. All Of Plaintiffs' Claims Are Conclusively Time Barred.

All of plaintiffs' claims are untimely based on their own prior litigation filings in the Nevada Case. This Court may take judicial notice of pleadings and other documents of public record in resolving a motion to dismiss. *See, e.g., Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 & n.2 (10th Cir. 2014) (taking judicial notice of federal court filings in affirming decision on motion to dismiss); *Tal v. Hogan*, 453 F.3d 1244, 1264 & n.24 (10th Cir. 2006) ("However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."); *Brickert v. Deutsche Bank Nat'l Trust Co.*, 380 F. Supp. 3d 127, 1133 & n.1 (D. Co. 2019) (recognizing district courts may take judicial notice of "documents and docket materials filed in other courts" in resolving motion to dismiss). "To obtain dismissal at the Rule 12(b)(6) stage based on the statute of limitations, the allegations on the face of the complaint surrounding the date of accrual must make clear that the right sued upon has been extinguished." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (internal quotation marks omitted).

### 1. The Federal Securities Law Claim Is Time Barred.

Count I asserts a claim for violation of 17 C.F.R. § 240.10b-5, which is the implementing regulation for Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. 78j(b). A private Section 10b-5 claim "may be brought not later than the earlier of— (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658.

Plaintiffs' claims are indisputably time barred under both prongs of the applicable statute. First, plaintiffs allege they were solicited to participate in the alleged Bitclub Offering more than five years ago, in the "spring of 2018." (ECF No. 1 at ¶¶ 6, 17). As such, their claim is barred by the five-year statute of repose.

Even putting aside the statute of repose, their claim is separately barred by the 2-year discovery period. Plaintiffs asserted the exact same Section 10(b) claim against Mr. Goettsche three and a half years ago in the Nevada Case, confirming that they necessarily had discovered the facts constituting the alleged violation more than two years ago. (Movant's Appx., at 27-28 - First Amended Complaint).

## 2. The Colorado Securities Law Claim Is Time Barred.

Plaintiffs' Colorado securities law claim (Count II) is time barred for the same fundamental reasons as their federal securities law claim. As an initial matter, while plaintiffs cite to CR 11-51-501 in their Complaint, *see* ECF No. 1 at ¶¶ 33 & 34, they do not identify which specific subsection of this statute they claim was violated, nor do they identify which specific subsection of the separate private right of action statute they claim authorizes their claims. See C.R.S § 11-51-604. In this motion, Mr. Goettsche assumes their claim is brought under C.R.S. § 11-51-501(1) (which is the only potentially relevant subsection of 11-51-501 with a corresponding private right of action) pursuant to the private right of action in C.R.S. § 11-51-604 (3), (4), or 5(b) or (c) (which are the private rights of action that authorize claims under C.R.S. § 11-51-501).

Plaintiffs' claim is untimely no matter how they style it. "No person may sue under subsection (3) or (4) or paragraph (b) or (c) of subsection (5) of this section more than three years after the discovery of the facts giving rise to a cause of action under

6

subsection (3) or (4) of this section or after such discovery should have been made by the exercise of reasonable diligence and in no event more than five years after the purchase or sale . . . " C.R.S. § 11-51-604(8); see also *Miller v. McCloud,* 2016 WL 524357, at *5 (D. Colo. Feb. 10, 2016) (applying C.R.S. § 11-51-604(8) and dismissing untimely Colorado securities law claim).

As with the federal Section 10b-5 claim, plaintiffs allege that they were solicited to purchase the alleged securities in the "spring of 2018," ECF No. 1 at ¶¶ 6, 26, which is more than 5 years before the complaint was filed on December 1, 2023. Separately, plaintiffs sued Mr. Goettsche in Nevada in June 2020 based on the same factual allegations they make here, confirming that they had discovered the facts giving rise to their claim more than three years before filing this lawsuit. (*Compare* Movant's Appx., p. 07-08 - Complaint w*ith* ECF No. 1 at ¶¶ 26-34.)[2] *Miller*, 2016 WL 524357, at *5.

### 3.     All Of Plaintiffs Common Law Claims Are Time Barred.

Plaintiffs' claims for common law Fraud (Count III), Fraudulent Inducement (Count IV), Breach of Contract (Count V), Unjust Enrichment (Count VI) and Conversion (Count VII) are all untimely pursuant to Colorado statute. In Colorado, actions for fraud, misrepresentation, concealment, or deceit, "regardless of the theory upon which suit is brought," are subject to a three-year limitations period. C.R.S. § 13-80-101(1)(c). A three-year limitations period also applies to contract claims and conversion claims.

---

[2] To the extent plaintiffs purport to sue under some other prong of the private right of action statute, C.R.S. § 11-51-604, their claims are still time barred. "No person may sue under subsection (1), (2), (2.5), or (2.6) or paragraph (a) of subsection (5) of this section more than two years after the contract of sale…". C.R.S. § 11-51-604(8). As such, every time bar provided in C.R.S. § 11-51-604(8) clearly and unambiguously bars plaintiffs' claims.

C.R.S. § 13-80-101(1)(a),(h). While unjust enrichment claims are not specifically addressed by Colorado statute, Colorado courts also consistently apply a three-year limitations period to such claims. *See, e.g.*, *Vanportfliet v. Carpet Direct Corp.*, 2017 WL 1023380, at *6 (D. Colo. Mar. 15, 2007); *Grynberg v. Total Compagnie Francaise des Petrols*, 2006 WL 1517731, *5 (D. Colo. May 31, 2006); *Luttgen v. Fischer*, 107 P.3d 1152, 1157 (Colo. App. 2005).

Given that plaintiffs asserted fraud, fraudulent inducement, breach of contract, and unjust enrichment claims in the Nevada Case based on the same set of underlying facts alleged here—literally paragraph for paragraph (*compare* Movant's Appx., at 09-12 - Complaint *with* ECF No. 1 at ¶¶ 35-59)—plaintiffs necessarily knew of these claims more than three years ago.[3]

### 4. The Colorado Civil Theft Claim Is Untimely.

Plaintiffs do not identify the legal basis for their "civil theft" claim (Count VII), but presumably this claim is asserted pursuant to Colorado's civil theft statute, C.R.S. § 18-4-405. "Civil theft claims are subject to a two-year statute of limitations." *See Martinez v. Nash Finch Co.*, 886 F. Supp. 1212, 1221 (D. Colo. 2012).

Once again, plaintiffs' civil theft claim is clearly time-barred given that it was filed three and half years after these plaintiffs asserted the same underlying factual allegations in Nevada. *See* ECF No. 1, at ¶ 68 (expressly incorporating same factual allegations previously made in Nevada Case). Dismissal is appropriate. *See Kelley v.*

---

[3] Plaintiffs did not specifically assert a conversion claim in the Nevada Case. However, the conversion claim asserted in this case is based on the same set of underlying facts first alleged in the Nevada Case. (*See, e.g.*, ECF No. 1, at ¶ 60) (expressly incorporating exact same factual allegations previously made in Nevada Case).

*New York Life Ins. & Annuity Corp.*, 2008 WL 1782647, at *6 (D. Colo. Apr. 7, 2008) (dismissing claim for civil theft as untimely).

### 5. The Applicable Limitations Periods Are Not Tolled For The Time Plaintiffs Spent Litigating in Nevada.

Plaintiffs are not entitled to toll the applicable limitations periods for the time they spent litigating the Nevada Case. The Tenth Circuit, applying Colorado law, has repeatedly held that a prior-filed action that is dismissed without prejudice does not toll the applicable limitations period. *See, e.g., Cook v. G.D. Searle & Co., Inc.*, 759 F.2d 800, 805 (10th Cir. 1985) (federal action in Iowa dismissed for lack of personal jurisdiction did not toll statute of limitations as to subsequently filed federal action in Colorado); *Glaser v. City and County of Denver*, 557 F. App'x. 689, 699 (10th Cir. 2014) ("As we have held, under Colorado law a statute of limitations is not tolled during the pendency of an action dismissed without prejudice."); *Bynum v. Municipality, City & Cty. of Denver*, 550 F. App'x 560, 562 (10th Cir. 2013) ("The state district court dismissed the action without prejudice, and that suit did not toll the limitations period.").

Nor is there any Colorado statute that would allow plaintiffs to toll the period of time they spent litigating the Nevada Case. The Colorado "savings statute," which is designed to give plaintiffs time to refile in Colorado in the event of dismissal without prejudice from another court, requires a plaintiff must do so within ninety days to receive the benefit of tolling. *See* C.R.S. § 13-80-111(1); *see also W. Colo. Motors, LLC v. General Motors, LLC*, 444 P.3d 847, 852 (Colo. App.2019) ("What section 13-80-111 does not do, however, is invite piecemeal litigation by a plaintiff that chooses to parcel out its grievances in dribs and drabs."). Here, plaintiffs' claims against Mr.

9

Goettsche in the Nevada Case were terminated on October 17, 2022, giving them until January 16, 2023 at the latest to re-file the same claims in Colorado. C.R.S. 13-80-111(1).[4] Because plaintiffs did not do so, and instead waited until December 1, 2023, they are not entitled to the benefit of tolling under C.R.S. § 13-80-111(1).

As a final matter, there are no "extraordinary circumstances" that prevented plaintiffs from suing Mr. Goettsche in Colorado, and plaintiffs have only their own inaction to blame. As such, there is no basis to equitably toll their claims. *See Dean Witter Reynolds, Inc. v. Hartmann*, 911 P.2d 1094, 1099 (Colo. 1996) (en banc) ("Neither the defendants nor extraordinary circumstances stood in the way of Hartman's filing suit within the statutory period. Only plaintiff's own inaction prevented him from filing in a timely manner. We refuse to apply the doctrine of equitable tolling under these circumstances . . .").

### B. Plaintiffs Do Not Allege Their Fraud-Based Claims With Sufficient Particularity.

The Court should dismiss all of Plaintiffs' fraud-based claims (Counts I-IV) for failure to plead them with the requisite specificity. Fed. R. Civ. P. 9(b). "The courts have strictly enforced Rule 9(b) in claims under the securities law, requiring detailed statements of the specific conduct which allegedly violated the statutes in question." *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 986 (10th Cir.1992); *see also* 15 U.S.C. § 78u–4(b)(1) ("[T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an

---

[4] Even if the Court were to assume that the 90-day period provided in section C.R.S. 13-80-111 was not triggered until the administrative closing of the Nevada case as to all defendants on April 10, 2023, plaintiffs still would have needed to re-file in Colorado by July 10, 2023.

allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."); *In re State-Tech Sec. Litig.*, 905 F. Supp. 1416, 1429 (D. Colo. 1995) (recognizing that "the particularity mandated by Rule 9(b) for federal securities claims applies also to Colorado state law securities claims"); *Ambraziunas v. Bank of Boulder*, 846 F. Supp. 1459, 1463 (D. Colo. 1994) (same). The required degree of specificity applies equally to common law fraud and fraudulent inducement claims. *See, e.g.*, *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1039-40 (D. Colo. 2012) (recognizing that "to survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'").

Each of plaintiffs' fraud-based claims neglects these fundamental pleading requirements. The entirety of plaintiffs' factual allegations underlying their fraud-based claims are contained in paragraphs 8 and 9 of the Complaint. These paragraphs do not identify a single specific statement alleged to be misleading, nor do they specify the reasons why any such statements were allegedly misleading. Instead, the Complaint resorts to vague, overbroad, and conclusory categorizations, such as "misleading figures," "misleading figures and documentation," "fraudulent statements," and "risk involved in crypto currency mining." (ECF No. 1, at ¶¶ 8-9). These are precisely the types of unparticularized allegations that Rule 9(b) is intended to avoid. *See, e.g.*, *Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (upholding dismissal when plaintiffs provided only "labels and conclusions . . . devoid of factual enhancement" and "broad, vague, and conclusory allegations.").

The Complaint also does not state with particularity any basis for attributing any specific statement to Mr. Goettsche personally. To the contrary, the Complaint affirmatively alleges that at least some of the offending statements were made by "independent business operators." (ECF No. 1 at ¶¶ 6, 8(d)).[5] The plaintiffs' failure to attribute specific statements to Mr. Goettsche is particularly glaring in light of their sworn declarations in the Nevada Case stating that the alleged misrepresentations were made by "Weeks" and "Abel." *See* Movant's Appx., at 46-48 (Abel), 49-51 (Abel), 55-57 (Weeks), and 59-61 (Weeks). Having previously declared in the Nevada Case that the alleged statements were made by Weeks and Abel, plaintiffs should not now be heard to re-attribute these same (vague) statements to Mr. Goettsche without particularization and differentiation.

### C. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed As Duplicative Of Their Contract Claim.

Plaintiffs' unjust enrichment claim should be dismissed because they allege an enforceable contract covering the same subject matter. A party cannot recover on unjust enrichment when a contract covers the same subject matter. *See, e.g.*, *Pernick v. Computershare Trust Co., Inc.*, 136 F. Supp. 3d 1247, 1268 (D.Colo 2015) (dismissing unjust enrichment claim based on same alleged conduct as contract claim); *Greenway Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1261–62 (D.Colo.2014) ("When an express contract applies between parties to litigation, Colorado law provides

---

[5] To the extent plaintiffs rely on any statements by "independent business operators," Mr. Goettsche expressly reserves and does not waive his right to move for dismissal for failure to join a necessary party.

that an unjust enrichment claim that covers the same subject matter is prohibited, as a matter of law, because the express contract precludes any implied-in-law contract.").

Here, plaintiffs' unjust enrichment claim (Count VI) and contract claim (Count V) are based on the exact same subject matter. The unjust enrichment claim alleges that "Defendant has **failed to compensate Plaintiffs for their investment** in the purchase of the Bitclub Offering." (ECF No. 1 at ¶ 55; *see also id.* at ¶¶ 54-58)(Emphasis added.) Their contract claim alleges that "Defendant has breached the Bitclub Contract by, among other things, **failing and refusing to pay dividends, bonuses, commissions and other compensation** due to plaintiffs as required by the Bitclub Contract." *Id.* at ¶ 51 (Emphasis added.) These claims are just two sides of the same coin: plaintiffs claim that they did not receive compensation owed as a result of their participation in the "Bitclub Offering" pursuant to the "Bitclub Contract." *See id.* at ¶ 50 ("Plaintiffs each entered into a Bitclub Contract in connection with their investment in and purchase of the Bitclub Offering."); *id.* at ¶ 58 ("It is inequitable for Defendant to continue to retain the benefits conferred by Plaintiffs in connection with the Bitclub Offering, and Bitclub Contract, without compensating Plaintiffs.").

### D. Plaintiffs' Conversion And Other Tort Claims Are Barred by Colorado's Economic Loss Doctrine.

Plaintiffs' conversion claim (Count VII) is barred by Colorado's economic loss rule because plaintiffs allege only economic loss arising from an alleged breach of contract. Under Colorado law, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Const., Inc.,* 10

P.3d 1256, 1264 (Colo. 2000) (en banc). Here, plaintiffs' conversion claim seeks to recover "the monies they invested in the Bitclub Offering." (ECF No. 1 at ¶ 61). They admit in their contract claim that they "each entered into a Bitclub Contract in connection with their investment in and purchase of the Bitclub Offering." *Id.* at ¶ 50. The conversion and contract claims are thus inextricably intertwined, and there is no alleged breach of duty separate and apart from the contract.

### E. Plaintiffs' Contract Claim Should Be Dismissed.

Plaintiffs' contract claim should be dismissed because they do not plausibly allege they entered into a contract with Mr. Goettsche personally. Under Colorado law, a breach of contract claim has four elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

It is clear and unambiguous from the face of the relevant contract that Bitclub Network, Inc., not Mr. Goettsche, is the plaintiffs' counterparty. Plaintiffs allege that they "entered into a Bitclub Scheme investor contract **as set forth in the Bitclub Scheme website** ("Bitclub Contract")." (ECF No. 1 at ¶ 11)(Emphasis added.) Plaintiffs did not attach a copy of this contract to their Complaint, but the Court may take judicial notice of it because it is referenced and incorporated in the Complaint. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied"). A true and correct

copy of the contract as set forth on the BitClub website (the "BCN Membership Agreement") is attached. (Movant's Appx., at 67 - BCN Membership Agreement).

According to the plain language of the BCN Membership Agreement, the contracting party is "BITCLUB NETWORK, INC." *Id.* This is further emphasized in the incorporated "Policies and Procedures," which explain that "Bitclub Network, Inc. (the "Company") is an entity incorporated in Nevis . . . offering club membership to prospective members." *Id.* at 68-74.

The Complaint contains no allegations that plaintiffs subjectively believed they were entering into an agreement with Mr. Goettsche at the time they entered into the Bitclub contract. Indeed, the Complaint does not allege that plaintiffs ever communicated with Mr. Goettsche personally, or that they even knew who he was at the time they entered into the Bitclub contract. Nor does the Complaint contain any other allegations that would allow the Court to disregard corporate form and attribute the contracts with Bitclub Network, Inc. to Mr. Goettsche personally. Under these circumstances, Mr. Goettsche "cannot be held personally liable for the contracts between" plaintiffs and Bitclub Network, Inc., and the contract claims should be dismissed. *See Tatten*, 912 F. Supp. 2d at 1039.

## CONCLUSION

For the reasons above, plaintiffs' claims should be dismissed with prejudice. Given that plaintiffs have already filed a substantially identical complaint in the District of Nevada and been given an opportunity to amend in that court, leave to further amend would be futile and should not be granted.

>Respectfully submitted,
>
>*s/ Kristen M. Frost*
>Kristen M. Frost
>Patrick L. Ridley
>RIDLEY, MCGREEVY & WINOCUR, P.C.
>303 16th Street, Suite 200
>Denver, Colorado  80202
>Telephone:  (303) 629-9700
>Facsimile:   (303) 629-9702
>frost@ridleylaw.com
>ridley@ridleylaw.com
>Attorneys for Defendant Matthew Goettsche

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2024, I served a true and correct copy of the foregoing **MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM** electronically with the clerk of the court via the CM/ECF system to all interested parties:

Scott E. Brenner
Thomas P. Howard, LLC
842 W. South Boulder Road, Suite 100
Louisville, Colorado 80027
sbrenner@thowardlaw.com

P. Sterling Kerr
Taylor Simpson
Kerr Simpson Attorneys at Law
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
sterling@kerrsimpsonlaw.com
taylor@kerrsimpsonlaw.com

Pursuant to GPG Civ. Practice Standard 6.1A(c) and D.C.COLOCivR 6.1(c), I hereby further certify that on this 11th day of January, 2024, I served a true and correct copy of the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND DEMAND FOR JURY TRIAL** on Matthew Goettsche.

*s/ Heather Grant*
Heather Grant